J-A07013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMONT CARLTON DANIEL | : | |
| | : | |
| Appellant | : | No. 2009 EDA 2021 |

Appeal from the PCRA Order Entered August 25, 2021
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0000319-2016

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                              **FILED MAY 9, 2023**

Appellant, Lamont Carlton Daniel, appeals *pro se* from the August 25, 2021 order entered in the Lehigh County Court of Common Pleas denying his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46 ("PCRA"), as meritless.  After remand to the PCRA court for an evidentiary hearing on Appellant's claim, and our review of Appellant's ineffective assistance of counsel claim, we affirm.[1]

---

[1] On October 19, 2021, Appellant filed in the trial court a "Motion for Removal of Attorney of Record in Order to Proceed *Pro Se*," which the PCRA court denied on October 22, 2021.  Subsequently, on December 6, 2021, PCRA counsel filed in this Court and Application to Withdraw as Counsel.  On December 13, 2021, Appellant filed an Application to Proceed *Pro Se*.  In light of those outstanding applications, on January 7, 2022, we remanded this matter for the PCRA court to conduct a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).  On February 22, 2022, the PCRA court informed this Court that it had determined that Appellant's waiver of counsel was knowing, intelligent, and voluntary.  Accordingly, we grant counsel's Application to Withdraw as Counsel and Appellant's Application to Proceed *Pro Se*.

The relevant facts and procedural history are, briefly, as follows. The Commonwealth charged Appellant with numerous drug offenses after agents of the Pennsylvania Board of Probation and Parole discovered of 129 bags of heroin in a shoebox in the bedroom of his apartment.

Prior to trial, the Commonwealth offered Appellant a sentence of 18 months' incarceration in exchange for his guilty plea. Appellant declined the offer and the case proceeded to a jury trial on June 15, 2016. On June 16, 2021, following Appellant's and his girlfriend's testimony, the parties stipulated to the admission as rebuttal evidence of an excerpt of a recorded conversation that Appellant had with his girlfriend from jail in which he admitted that the drugs were his.[2]

The jury convicted Appellant on June 16, 2016, of Possession with Intent to Deliver a Controlled Substance (Heroin), Possession of a Controlled Substance, and Possession of Drug Paraphernalia. On December 12, 2016, the trial court sentenced Appellant to seven to 15 years of incarceration. This Court affirmed Appellant's judgment of sentence on July 18, 2018. *See Commonwealth v. Daniel*, 2018 WL 3454078 (Pa. Super. 2018) (non-precedential decision). On January 30, 2019, the Pennsylvania Supreme Court denied further review. *See Commonwealth v. Daniel*, 201 A.3d 157 (Pa. 2019).

_____

[2] *See* N.T. Trial, 6/16/21, at 5-10 (where the trial court explains on the record for Appellant's benefit "some potential pitfalls [caused by the recording] if [Appellant] does testify"), 57-62 (where the parties enter the stipulation on the record and the trial court admits the recording into evidence).

On December 3, 2019, Appellant filed *pro se* the instant PCRA petition in which he alleged that his trial counsel, Gavin P. Holihan, had been ineffective because he "failed to provide a full consultation regarding [Appellant's] guilty plea decision." Petition, 12/3/19, at 2. Specifically, Appellant asserted that Attorney Holihan failed to consult fully with him about the impact of the recorded phone call on Appellant's credibility and that counsel erroneously informed him that the recording was weak evidence. ***Id.*** at 11. ***See also*** Memorandum of Law in Support of PCRA Petition, 12/3/19, at 6, 10-12 (where Appellant contends that Attorney Holihan failed to advise him that the recording would undermine his credibility, erroneously informed him that the recording was "weak evidence," and provided objectively unreasonable advice that Appellant "faced a low risk of losing at trial").

The PCRA court appointed counsel, who subsequently filed an application to withdraw as counsel and a "no-merit" letter[3] asserting that Appellant's ineffective assistance of counsel claim was legally meritless.

On March 10, 2020, the PCRA court issued a notice of intent to dismiss Appellant's Petition without a hearing pursuant to Pa.R.Crim.P. 907. On April 6, 2020, Appellant filed a response to the Rule 907 notice alleging that he did not receive a copy of PCRA counsel's "no-merit" letter. Accordingly, the PCRA court entered an order granting Appellant an additional 60 days to file a substantive response to the Rule 907 notice. On June 19, 2020, Appellant

---

[3] ***See Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1998).

filed a response in which he asserted that PCRA counsel did not interview any supporting witnesses before filing his "no-merit" letter.

On August 10, 2020, the PCRA court dismissed Appellant's petition as meritless. One week later, the court issued an amended order granting PCRA counsel's motion to withdraw.

Appellant filed a timely *pro se* appeal to this Court. After our review, we opined that in dismissing Appellant's petition as meritless, "the PCRA court did not address Appellant's central allegation that trial counsel failed to confer with him about the relative advantages and disadvantages of accepting the Commonwealth's plea offer given the recorded prison conversation between Appellant and his significant other." ***Commonwealth v. Daniel***, 1636 EDA 2020, 2021 WL 2533450, at *8 (Pa. Super. 2021) (non-precedential decision). Accordingly, this Court concluded that "whether and when trial counsel learned of the conversation and recording, and whether counsel discussed the matter with Appellant **before** rejection of the plea agreement, raise issues of fact." ***Id.*** (emphasis in original). We, thus, remanded this matter for an evidentiary hearing pertaining to "what counsel conveyed to Appellant at the time Appellant rejected the plea offer and whether counsel, at that time, was aware of the recorded jail conversation." ***Id.***

On remand, the PCRA court appointed Appellant new counsel and, on August 25, 2021, held a hearing as directed by this Court. Appellant and Attorney Holihan testified at the hearing. Relevantly, Appellant testified that he and Attorney Holihan first spoke about the Commonwealth's 18-month plea

offer on June 15, 2016, the day his trial began. He testified that Attorney Holihan explained the offer to him before he turned it down. He further testified that on the second day of his trial, June 16, 2016, Appellant learned for the first time from Attorney Holihan of the existence of the recorded prison phone call in which Appellant had participated. He also testified that Attorney Holihan attempted to explain the recording's contents to him, but that Attorney Holihan did not seem sure what exactly was on the call. He testified that Attorney Holihan informed him that if he testified the Commonwealth would play the recording. Appellant also testified that he heard the recording for the first time during trial and that he did not know about the existence of the recording when he turned down the Commonwealth's plea offer. Appellant further stated that Attorney Holihan informed him that he intended to "stipulate to the tape so the tape wouldn't be played."[4] He testified that had he known about the recording he "definitely" would have accepted the Commonwealth's plea offer.[5]

Attorney Holihan testified that, according to his records, he first notified Appellant that the Commonwealth had made a plea offer on March 31, 2016. He testified that he broached the subject of a guilty plea again on June 7, 2016, and again as they prepared for trial, but that Appellant was adamant about going to trial. He testified that the Commonwealth provided him with a

---

[4] N.T. PCRA Hr'g, 8/25/21, at 16.

[5] *Id.*

copy of the recorded phone call on either June 14, 2016, or, at the latest, prior to jury selection on June 15, 2016.

Attorney Holihan further testified that Appellant's testimony that Appellant heard about the recording for the first time on the second day of trial was not accurate and that he recalled communicating with Appellant about the contents of the recording prior to Appellant's plea colloquy on June 15, 2016. Attorney Holihan stated that his records contained a note that he used to explain the recording to Appellant and that, even after he informed Appellant of the contents of the recording, Appellant chose not to accept the Commonwealth's plea offer. Finally, he confirmed that Appellant had not heard the recording prior to the Commonwealth playing it for the jury to rebut Appellant's testimony.[6]

Following the hearing, the PCRA court again dismissed Appellant's PCRA petition, concluding that "trial counsel was effective in his representation of Appellant and [counsel's] testimony was unquestionably more credible." PCRA Ct. Op., 11/18/21, at 2. **See also** N.T. PCRA Hr'g, 8/25/21 at 41 ("So, based upon credibility to me Mr. Holihan is -- he brought his notes. He's definitely more credible.").

---

[6] Attorney Holihan testified that this was because he did not have the ability to play the recording in the courthouse.

This appeal followed.[7]  In his *pro se* brief, Appellant presents the following issue for our review:

> Did the PCRA court err in dismissing [Appellant's] claim that trial counsel failed to provide a full consultation regarding [Appellant's] decision to plead guilty, based on the credibility of trial counsel Holihan's testimony being far more credible than [Appellant's] testimony during the evidentiary hearing?

Appellant's Brief at 6.

## A.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quotation marks and citation omitted).  "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014).  It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record. *Commonwealth v. Mojica*, 242 A.3d 949, 956 (Pa. Super. 2020).

In analyzing claims of ineffective assistance of counsel, we presume that trial counsel was effective unless the PCRA petitioner proves otherwise. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999).  To succeed

---

[7] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement. On November 18, 2021, the PCRA court filed a Supplemental Opinion explaining its reasons for denying Appellant's PCRA petition.

on a claim of ineffective assistance of counsel, Appellant must demonstrate that (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Appellant bears the burden of proving each of these elements, and his "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009).

It is well-settled that defendants have a Sixth Amendment right to the effective assistance of competent counsel that extends to the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). Challenges to counsel's assistance provided during plea negotiations require a defendant to show that the representation fell below an objective standard of reasonableness. *Id.* at 163.

Ultimately, it is a defendant's decision whether to plead guilty. *Commonwealth v. Brown*, 18 A.3d 1147, 1158 (Pa. Super. 2011). Where the Commonwealth offers a plea bargain, "[d]efense counsel has a duty to communicate to his [or her] client, not only the terms of a plea bargain offer, but also the relative merits of the offer compared to the defendant's chances at trial." *Commonwealth v. Copeland*, 554 A.2d 54, 60 (Pa. Super. 1988), citing *Commonwealth v. Napper*, 385 A.2d 521 (Pa. Super. 1978). A court may find plea counsel provided ineffective assistance if he or she fails to explain the advantages and disadvantages of accepting or rejecting a plea

offer properly. ***Commonwealth v. Boyd***, 688 A.2d 1172, 1175 (Pa. 1997), *overruled on other grounds by*, ***Commonwealth ex rel. Dadario v. Goldberg***, 773 A.2d 126 (Pa. 2001).

**B.**

In his brief, Appellant reiterates the claim set forth in his PCRA petition—that Attorney Holihan rendered ineffective assistance of counsel by advising Appellant that the recording was weak evidence, and by failing to explain that it would "cut directly against his trial testimony" and would undermine his credibility. Appellant's Brief at 14. He concludes that we should deem Attorney Holihan's alleged advice—that, in light of the purported weakness of this evidence Appellant had a "low risk of losing" at trial—to be objectively unreasonable. ***Id.***

In addressing Appellant claim that Attorney Holihan was ineffective, the PCRA court found Attorney Holihan's testimony credible and Appellant's testimony not credible. In particular, the court opined as follows:

> [C]ounsel's version of events regarding the recorded jail conversation was far more credible than [A]ppellant's. Due to the lateness of its receipt, counsel did review the twenty-two (22) second recording with [A]ppellant, but was unable to play it for him. Trial counsel also kept the note he used to explain that conversation to [A]ppellant. The substance of that conversation was an admission by [A]ppellant that the seized drugs were for his personal use. The recorded jail conversation, contrary to [A]ppellant's testimony, was reviewed with him prior to trial, and prior to his last rejection of the plea offer.

PCRA Ct. Op., 11/25/21, at 8.

Our review of the record supports the PCRA court's determination that Appellant's ineffective assistance of counsel claim lacks merit. Appellant has essentially asked this Court to reweigh his testimony and that of Attorney Holihan, which we cannot and will not do. The record supports the PCRA court's findings, and we discern no legal error. We, thus, affirm the PCRA court's decision to deny Appellant relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2023